IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

|  |  |
|---|---|
| Gregg Van Jensen, ) | C/A No.: 2:21-cv-01140-RMG |
| ) |  |
| Plaintiff, ) | **ORDER AND OPINION** |
| ) |  |
| v. ) |  |
| ) |  |
| Crowley Maritime Corporation, ) |  |
| Crowley Liner Services, Inc., ) |  |
| Marine Personnel & Provisioning Company, ) |  |
| Inc., Marine Transportation ) |  |
| Management, Inc., and ) |  |
| YORKTOWN EXPRESS Trust, ) |  |
| *in personam*, ) |  |
| ) |  |
| and ) |  |
| ) |  |
| the M/V YORKTOWN EXPRESS, ) |  |
| (Off. No. 1195522), her engines, tackle nets, ) |  |
| gear, apparel, appurtenances, etc., *in rem*, ) |  |
| ) |  |
| Defendants. ) |  |

This matter involves a dispute over a seaman's right to the maritime remedy of maintenance and cure. On April 18, 2021, Gregg Van Jensen ("Plaintiff") initiated a suit against Defendants bringing claims for: (1) maintenance and cure; declaratory judgment; temporary restraining order and injunction; (2) negligence for failure to provide maintenance and cure; (3) negligence pursuant to the Jones Act; and (4) unseaworthiness. (Dkt. No. 1). On April 26, 2021, Plaintiff filed a motion for temporary restraining order seeking an Order "enjoining Defendants from continuing to refuse to provide Plaintiff with [m]aintenance and [c]ure benefits to which he is entitled." (*Id.* at 1). On May 11, 2021, Defendants filed an Answer and Counterclaim seeking

1

a Declaratory Judgment as to whether maintenance and cure is still due to Plaintiff. (Dkt. No. 9). Defendants also filed a response to Plaintiff's motion for temporary restraining order. (Dkt. No. 10).

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *Dyke v. Staphen*, No. CV 6:18-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018). A party seeking a preliminary injunction or a temporary restraining order must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013).

A claim for "maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 408 (2009). A shipowner's duty to provide maintenance and cure extends until the seaman is "cured" or his sickness or incapacity is declared to be permanent. *Vella v. Ford Motor Co*. 421 U.S. 1, 3, 5 (1976). This point in time, known as "maximum cure" is reached "when it appears probable that further treatment will result in no betterment of the seaman's condition." *Protogyrou v. Lines*, 42 F.3d 1386, 1994 WL 673635 (4th Cir. 1994). A shipowner's "liability for maintenance and cure [is] among 'the most pervaise' of all" and it is not to be defeated by "restrictive distinctions nor 'narrowly confined.'" *Vaughan v. Atkinson*, 369 U.S. 527, 531-32 (1962).

Plaintiff alleges that while he was employed by Defendants aboard the Yorktown Express, Plaintiff developed a gastrointestinal illness that required his discharge from the vessel. (*Id.* at ¶¶

17, 20). Plaintiff was admitted to the Ralph H. Johnson VA Medical Center where he was treated for his illness. (*Id.* at ¶ 34). Plaintiff alleges that after he was discharged from the hospital, he required outpatient care and continued to receive medical treatments. Defendants provided maintenance and cure, hotel lodging, and daily food allowance to Plaintiff between September 2020 through April 2, 2021. (Dkt. Nos. 1 at ¶¶ 36, 40; Dkt. No. 9 at ¶ 29). Plaintiff argues Defendants ceased maintenance and cure prior to when Plaintiff's condition reached maximum cure and Defendants are obligated to resume maintenance and cure. (Dkt. No. 6 at 3, 6-7).

Defendants argue it previously attempted to obtain updates from Plaintiff as to Plaintiff's medical condition to evaluate its maintenance and cure obligations. Defendants maintain that Plaintiff failed to provide medical updates. (Dkt. No. 9 at ¶¶ 90, 98-100; Dkt. No. 9-1). Defendants maintain that Plaintiff's counsel provided a medical update as to Plaintiff's condition on April 28, 2021. (Dkt. No. 10). In response to Plaintiff's motion, Defendants state that "consistent with its position that maintenance and cure would be continued or reinstated in the event of some form of updated medical information was furnished, Defendants have voluntarily reinstated Plaintiff's maintenance and cure retroactive to the date of its previous suspension." (*Id.* at 1-2). As Defendants have retroactively reinstated Plaintiff's maintenance and cure to the date of its prior suspension, Plaintiff's motion for temporary restraining order is now moot.

For the reasons stated above, the Court **DENIES** Plaintiff's motion for temporary restraining order. (Dkt. No. 6). **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

May 17, 2021
Charleston, South Carolina

3